IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01253-GPG

PETERSON I. BATAILLE,

    Plaintiff,

v.

UNITE HERE LOCAL 23,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Peterson I. Bataille, resides in Aurora, Colorado. Mr. Bataille has filed, *pro se*, a Title VII Complaint (ECF No.1). He has been granted leave to proceed *in forma pauperis*.

    The Court must construe the Title VII Complaint liberally because Mr. Walker is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Bataille will be ordered to file an amended complaint.

    In the Title VII Complaint, Mr. Bataille asserts that this Court has jurisdiction pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5, Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and the Colorado Anti-Discrimination Act, COLO. REV. STAT. (C.R.S.) § 34-24-402 (2014).

## I. The Complaint

Mr. Bataille's factual allegations are vague and somewhat difficult to decipher. Plaintiff alleges in the Complaint that on November 17, 2013, his regional union representative disqualified him from biding on a posted job with his employer, the Delaware North Company. He alleges that a union member of a different race, who had less seniority and was less qualified, was allowed to bid on the position. Plaintiff states that a similar situation occurred in February 2014. Mr. Bataille further alleges that his union representative did not solicit his vote on the "union contracts" because Plaintiff is not proficient in the English language. (ECF No. 1, at 3). Plaintiff asserts that he is not being represented fairly by the Defendant union because of his race. For relief, Mr. Bataille seeks reimbursement of union fees that he paid from 2013-2015; back pay for a position for which he was disqualified from applying by the Defendant; and compensatory damages for pain and suffering.

## II. Analysis

### A. Jurisdiction under Title VII

Title VII makes it unlawful for a labor organization "to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his . . . race, color, . . . or national origin." 42 U.S.C. § 2000e-2(c)(1). "[S]ection 2000e–2(c) outlaws discrimination by a labor organization in the union-member relationship." *Feroni v. Teamsters, Chauffers & Warehousemen Local No. 222*, 297 F.3d 1146, 1151 (10th Cir. 2002).

To establish a prima facie Title VII claim against a union for a breach of its duty of fair representation, a plaintiff must "'show that (1) the employer violated the collective bargaining agreement with respect to the plaintiff, (2) the union permitted the violation to go unrepaired, thereby breaching the union's duty of fair representation, and (3) there was some indication that the union's actions were motivated by discriminatory animus.'" *Douglas v. Int'l Ass'n of Machinists and Aerospace Workers,* No. 09-1481, 376 F. App'x 875, 877 (10th Cir. April 28, 2010) (unpublished) (quoting *York v. AT & T Co.*, 95 F.3d 948, 955-56 (10th Cir.1996)).

The Court has reviewed the Title VII Complaint and has determined that the Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on

clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings

violate the requirements of Rule 8.

Mr. Bataille fails to provide a short and plain statement of his claims showing that he is entitled to relief.  Although Plaintiff has checked blanks on the preprinted Title VII Complaint form indicating that Defendant discriminated against him based on his race, color and national origin, the factual allegations in the Complaint are slim and vague.  Moreover, Mr. Bataille has not completed the "Claims for Relief" section of the Complaint, nor has he attached a copy of his charge of discrimination filed with the Equal Opportunity Employment Commission (EEOC) to clarify the basis of his claims.

Neither the Court nor Defendant is required to guess in order to determine the specific factual allegations that support the claims Mr. Bataille is asserting.  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Instead, it is the Plaintiff's responsibility to present his claims clearly and concisely in a manageable format that allows the Court and Defendant to know what claims are being asserted and to be able to respond to those claims.

Mr. Bataille will be ordered to file an amended Title VII Complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue claims against the Defendant Union in this action.  To state a claim in federal court, Plaintiff must explain what the Defendant did to him, when the defendant did it; how the defendant's action

harmed him; and, what specific legal right the Plaintiff believes the Defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, Mr. Bataille should attach to the amended Title VII Complaint a copy of his charge of discrimination filed with the EEOC.

### B.  Jurisdiction under LMRA

 The LMRA expressly governs claims "for violation of contracts between an employer and a labor organization representing employees." 29 U.S.C. § 185(a).

If Mr. Bataille intends to assert a claim that the Defendant Union has violated the terms of a collective bargaining agreement between the Defendant and Plaintiff's employer, he must specifically assert such a claim under the "Claims for Relief" section of the amended Title VII Complaint, and allege specific facts to support it.  *See Nasious*,  492 F.3d at 1163.  Accordingly, it is

ORDERED that Plaintiff, Peterson I. Bataille, file, **within thirty (30) days from the date of this order**, an amended Title VII Complaint, on the court-approved form, that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with the directives in this Order.  It is

FURTHER ORDERED that Mr. Bataille shall obtain the Court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and shall use the form in filing his amended Title VII Complaint.  It is

FURTHER ORDERED that, if Mr. Bataille fails to file an amended Title VII Complaint **within thirty (30) days from the date of this order**, the Title VII Complaint and the action may be dismissed without further notice.  The dismissal shall be without

prejudice. Mr. Bataille is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may act as a dismissal with prejudice if Plaintiff seeks to refile in this Court because the ninety-day limitations period for filing a Title VII action may have run on his claims. *See* 42 U.S.C. § 2000e-5(f)(1) (A claimant has ninety days to file an action in the district court after receiving a notice of right to sue from the EEOC).

DATED June 16, 2015, at Denver, Colorado.

                              BY THE COURT:

                              S/ Gordon P. Gallagher

                              United States Magistrate Judge